COLLOTON, Circuit Judge,
concurring in part and concurring in the judgment.
I concur in Parts I through III of the court’s opinion, except that I find it unnecessary to consider the meaning of the hypothetical phrase “a description of all known risks of the procedure ... to which the pregnant woman would be subjected.” Ante, at 896 & n. 3. The most natural reading of S.D.C.L. § 34-23A-10.1 is that it requires the physician to present “a description of all known medical risks of the procedure,” including “[ijncreased risk of suicide ideation and suicide.” Ante, at 896. For the reasons set forth in Part III, the statutory language thus calls for a description of the relative risks of suicide ideation and suicide that are discussed in the peer-reviewed literature. See ante, at 894-96, 898. The phrase “to which the pregnant woman would be subjected” modifies “statistically significant risk factors.” The district court’s order striking “statistically significant risk factors” did not rewrite the statute to cause the phrase that follows the stricken text to modify antecedent text that was not previously modified.
I concur in Part IV of the court’s opinion concerning why the required disclosure is truthful. I also concur in the portion of Part V that explains why the record before the district court did not establish that the disclosure is misleading. This court took the unusual step of permitting the appellees to supplement the record on appeal, after the completion of briefing, with a 476-page supplemental appendix that includes several studies that were not presented to the district court. Without attempting to engage in a social science *907 critique of these studies in the first instance, it is sufficient to observe that the conclusions of these studies do not, on their face, eliminate the medical and scientific uncertainty concerning the relationship between abortion and suicide ideation or suicide. See ante, at 904. I thus concur that the State was permitted to require a description of the relative risks as reflected in the peer-reviewed literature, with the physician free to augment that description based on his or her professional judgment. Ante, at 905 & n. 8.
For these reasons, I concur in the judgment.